IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

MILTON R. NANCE,  )
                Petitioner,  ) Civil Action No. 12-140J
                 ) Judge Kim R. Gibson/
vs.  ) Magistrate Judge Maureen P. Kelly
                 )
MARIANA, Warden,  )
                Respondent.  ) re: ECF No. 6

**O R D E R**

Milton R. Nance ("Petitioner") is a federal prisoner who has filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, challenging the calculation of his federal sentence. ECF No. 8. In addition, Petitioner has filed a Motion to Compel the Defendant to Release Petitioner's Funds for Filing Fee and, in that same motion, has requested that counsel be appointed for him.

There is no constitutional or statutory right to the appointment of counsel in federal habeas corpus proceedings. See Coleman v. Thompson, 501 U.S. 722, 725 (1991); Pennsylvania v. Finley, 481 U.S. 551, 555 (1987). Appointment of counsel in a habeas proceeding is mandatory only if the district court determines that an evidentiary hearing is required. See Rule 8(c) of the Rules Governing Section 2255 Cases;[1] 18 U.S.C. § 3006A(a)(2)(B). Otherwise, a court may appoint counsel if it "determines that the interests of justice so require," and that the petitioner is financially unable to obtain adequate representation. 18 U.S.C. § 3006A(a)(2). Upon

---

1 Courts have applied the "Rules Governing Section 2255 Proceedings" in Section 2241 habeas proceedings. See, e.g., Howard v. Haley, NO. CIV. A. 01-0065, 2001 WL 303534, at *1 (S.D.Ala. March 8, 2001); Howard v. Certain Unnamed Aircraft Pilots, NO. 90 C 7197, 1995 WL 431150, at *2 (N.D.Ill. July 18, 1995); Perez v. Hemingway, 157 F.Supp.2d 790, 795 (E.D. Mich. 2001). Accord United States v. Recinos-Gallegos, 151 F.Supp.2d 659 (D. Md. 2001) (dismissing petition construed as Section 2241 pursuant to Rule 4); U.S. v. Recinos-Gallegos, 151 F.Supp.2d 659 (D.Md. 2001)(applying Rule 4 of Section 2255 to Section 2241 petition).

preliminary review, the Court has determined that no evidentiary hearing is required. Hence, we are not required to appoint counsel. Nor has Petitioner convinced the Court that that the interests of justice require that counsel be appointed.

The interests of justice do not require the appointment of counsel at this point in the litigation and so Petitioner's request for appointment of counsel, therefore, is **DENIED** at this time.

In addition, because Petitioner's custodians have forwarded the filing fee to the Clerk's Office, see ECF No. 8, Petitioner's request to have the Defendants compelled to Release Petitioner's Funds in order to pay the filing fee is **DENIED** as moot.

BY THE COURT,

s/Maureen P. Kelly
MAUREEN P. KELLY
UNITED STATES MAGISTRATE JUDGE

Date: October 18, 2012

cc: Milton R. Nance
03934-068
Loretto
Unit Four "A", Room 212
Federal Correctional Institution
Inmate Mail/Parcels
P.O. Box 1000
Loretto, PA 15940